

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-08-00069-CR

**THE STATE OF TEXAS,**

                                                  **Appellant**

 **v.**

**CATHERINE JANE ACTON,**

                                                  **Appellee**

_____

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 05-05053-CRM-CCL2

_____

## MEMORANDUM OPINION

_____

Catherine Jane Acton was charged with driving while intoxicated. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). She filed a motion to suppress claiming that the blood taken from her, which showed her blood alcohol content, was taken without her consent. After a hearing, the trial court granted the motion to suppress, and the State appealed that ruling. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 2008). Because the trial court's finding is supported by the record, the order of suppression is affirmed.

### BACKGROUND

Acton was involved in a car accident. She had to be extracted from her car and

taken to the hospital. She seemed dazed and confused at the scene and her speech was slurred. She also had a cut on her chin.

A law enforcement officer spoke with Acton at the hospital. Acton smelled of alcohol. Acton initially did not know where she had been before the accident but told the officer that she had been at a friend's house. Shortly after that statement was made, she told the officer she had been at her apartment complex pool, swimming and drinking with some friends. Acton admitted to the officer that she had had two glasses of wine while watching a football game. When the officer questioned her about a partially filled bottle of rum found in her car, she stated that it had been there from a few days earlier. The officer noticed that Acton had a bandage on her arm from a blood draw. He asked her if she would sign a medical release so he could look at the results. Acton initially agreed to sign the release but later declined.

## MOTION TO SUPPRESS

In its sole issue on appeal, the State argues that the trial court abused its discretion in suppressing the blood evidence.

Evidence presented at the hearing on the motion to suppress showed that prior to arriving at the hospital, Acton refused an IV. She also refused sutures for her cut chin. It was noted in the hospital records that "[p]atient states she would rather have [the] risk of having more of a scar than to have [an] injection or sutures." Hospital records also showed that Acton was "terrified of needles" and that it was "difficult to get the blood draw for the lab work."

Acton testified at the hearing. She stated that she hates needles and did not want her blood drawn and did not consent to any blood being drawn. She agreed that the

blood was taken over her refusal and objection.  She also stated that she refused the IV and the sutures because of her fear of needles.

In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling.  *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When a trial court makes fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings.  *Id* at 818, 819.  The appellate court then reviews the trial court's legal ruling de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling.  *Id.*

The trial court found that Acton did not consent to the drawing of her blood. There is ample evidence in the record, viewed in the light most favorable to the trial court's ruling, to support that finding.  The trial court's finding is also dispositive of the legal ruling.  Accordingly, the State's sole issue is overruled.

## CONCLUSION

Having overruled the State's issue, we affirm the trial court's order suppressing the blood evidence.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 8, 2009
Do not publish
[CR25]